# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN SANDERS; SYLVIA SPENCER;
JUDY PRICE; PAMELA MCCRANEY;
WILLIE PALMER; ROMA WILKENS;
CYNTHIA ANDREWS; MICHAEL
CRAWFORD; SHARNON NELSON;
BETTY WOODSON; KENNETH
FOWLER; CAROL JENKINS;
DOROTHY SOUCY; LARRY WILLIAMS;
CHARLENE SMITH, ET AL.; ANTHONY
CIARAMITARO, ET AL.; and
 MALINDA WRIGHT,

                                Nos. 06-0067; 00-0068;
                                06-0069; 06-0070;
                                06-0071; 06-0072;
                                06-0085; 06-0096;
                                06-0097;
                                06-0098;
                                06-0110; 06-0111;

**Plaintiffs,**                    06-0122; 06-0123;
                                06-0124; 06-0125; and
                                06-0131

**v.**

ASTRAZENECA
PHARMACEUTICALS LP,


**Defendant.**

## ORDER

**HERNDON, District Judge:**

On July 10, 2006, the Plaintiffs in these cases all filed notices of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  On July 12, 2006, Defendant filed objections to the notices of voluntary dismissal arguing that the notices violate Federal Rule of Civil Procedure 41(a)(1)

Page 1 of  2

and that the notices undermine the Judicial Panel on Multidistrict Litigation's decision to create a Serquel MDL.[1]  Alternatively, Defendant contends that it will stipulate to a voluntary dismissal of these actions with prejudice or without if the following conditions are met: (1) Plaintiffs must agree to refile their Seroquel claims only in a United States District Court in which venue is proper; (2) Plaintiffs may not join any parties or amend their pleadings in any way that would defeat diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (3) subsequent refiling, Plaintiffs may not object to transfer to MDL-1769, *In re Seroquel Products Liability Litigation*.

The Court rejects conditions proposed by Defendant as they are unduly restrictive in that they may unnecessarily exclude proper parties in the future. Moreover, the Federal Civil Rules of Procedure will carry the day as to venue and joinder of parties in pending MDL proceedings should they be refiled.  Pursuant to **Federal Rule of Civil Procedure 41(a)(2)**, the Court **DISMISSES without prejudice** these cases.  The clerk shall notify the clerk of the MDLP and the clerk of the transferee court.

**IT IS SO ORDERED.**

Signed this 13th day of July, 2006.

/s/        David   RHerndon
**United States District Judge**

---

[1]On July 6, 2006, the JPML created MDL-1769, *In re Seroquel Products Liability Litigation*, and transferred all of the above-captioned cases to that MDL. *See* JPML Docket No. 1769 Transfer Order.